UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DOUGLAS CHRISTOPHER RICCIO,<br><br>　Plaintiff<br><br>v.<br><br>MINERAL COUNTY SHERIFF, et al.<br><br>　Defendants | Case No.: 3:22-cv-00397-ART-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

　　This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

　　Plaintiff filed an application to proceed *in forma pauperis* (IFP) and pro se complaint. (ECF Nos. 1, 1-1.) The court issued an order granting Plaintiff's IFP application. The court also screened Plaintiff's complaint. The complaint named the Mineral County Sheriff and alleged Plaintiff's Fourth Amendment rights were violated on January 24, 2021, when the undersheriff and a deputy came to a property and entered a vehicle and removed property without a warrant, and then slashed the tires and tried to get inside to search the house without a warrant.

　　The court advised Plaintiff that he alleged a colorable Fourth Amendment claim, but he did not identify the defendants, *i.e.*, the undersheriff and deputy he claimed were involved in the violation of his rights. As such, the court dismissed the complaint with leave to amend so Plaintiff could attempt to name the appropriate defendants. (ECF No. 3.)

　　Plaintiff subsequently filed a single page document titled "Amended Complaint," listing the case number and Undersheriff Bill Ferguson and Deputy Ray Gulcynski. There was no other information in the "Amended Complaint."

The court advised Plaintiff that an amended complaint must be complete in and of itself without referring to or incorporating by reference any previously filed complaint; as such, Plaintiff's "Amended Complaint," which lists only the case number and two defendants without any substantive allegations, was insufficient. The court dismissed Plaintiff's "Amended Complaint" with leave to amend. The court gave Plaintiff until March 9, 2023, to file a second amended complaint, which must be complete in and of itself: it must name the defendants and include the substantive factual allegations concerning how Plaintiff contends his rights were violated. Plaintiff was cautioned that a failure to timely file a second amended complaint would result in dismissal of this action without prejudice. (ECF No. 7.)

To date, Plaintiff has not filed a second amended complaint. Therefore, this action should be dismissed without prejudice, and this case should be administratively closed.

**RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITHOUT PREJUDICE** and administratively closing this case.

The Plaintiff should be aware of the following:

1. Plaintiff may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 28, 2023

_____
Craig S. Denney
United States Magistrate Judge